# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| SEAFLEX, INC.,                §<br>　　　Plaintiff,           §<br>                              §<br>v.                            § | CIVIL ACTION NO. H-05-3330 |
| 　　　　　　　　　　　　　　§<br>RON DEHLIN,                   §<br>　　　Defendant.          § | |

## MEMORANDUM AND ORDER

This case, removed from state court, is before the Court on the Motion to Remand [Doc. # 5] filed by Plaintiff Seaflex, Inc. d/b/a Flexible Pipeline Systems ("Seaflex"). Defendant Ron Dehlin has filed a response in opposition [Doc. # 9]. Having reviewed the full record in this case and the governing legal principles, the Court concludes that the jurisdictional amount appears from the available reocrd to be satisfied. Plaintiff is, however, entitled to an opportunity to file a binding stipulation limiting recovery to an amount that does not exceed $75,000.

Plaintiff seeks to recover from Defendant for damages resulting from Defendant's alleged breach of an employment contract. Plaintiff alleges that the damages do not exceed $75,000, but Defendant alleges with supporting evidence that the amount in controversy satisfies this Court's jurisdictional amount.

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000 required by 28 U.S.C. § 1332. Despite the rule in Texas prohibiting pleading a specific amount in unliquidated damages, Plaintiff expressly alleges that the damages in this case do not exceed $75,000. Where, as here, Defendant shows that the amount in controversy can exceed the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain it will not be able to recover more than the amount prayed for in the state court Petition. *DeAguilar v. Boeing*, 47 F.3d 1404, 1410 (5th Cir. 1995). Plaintiff can establish this by identifying a statute or by filing a binding stipulation that limits its recovery. *Manguno*, 276 F.3d at 724. In this case, Plaintiff has not identified a statute or any principle of law that limits its recovery to less than the jurisdictional amount of this court. Additionally,

Plaintiff has not filed a binding stipulation limiting the scope of its recovery to an amount that does not exceed $75,000.

If Plaintiff chooses to make a stipulation, it must state definitively that Plaintiff's recovery in this case is unconditionally limited to an amount not to exceed $75,000 and must be signed by an officer or director of Plaintiff. Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **November 30, 2005**, a binding stipulation limiting its *total* recovery in this case, including attorney's fees, to an amount that does not exceed $75,000. <u>If Plaintiff fails to file the stipulation by November 30, 2005, the Court will issue an order denying the Motion to Remand.</u> If Plaintiff files the stipulation by November 30, 2005, Defendant may file by **December 9, 2005**, any objections to the adequacy of the affidavit.

SIGNED at Houston, Texas, this **17th** day of **November, 2005.**

_____
Nancy F. Atlas
United States District Judge